# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RENEE SOLIS                                                    CIVIL ACTION

VERSUS

OUR LADY OF THE LAKE
ASCENSION COMMUNITY                                  18-56-SDD-RLB
HOSPITAL, INC. d/b/a ST. ELIZABETH'S
HOSPITAL

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by

Defendant, Our Lady of the Lake Ascension Community Hospital, Inc., d/b/a St.

Elizabeth's Hospital ("St. Elizabeth's").  Plaintiff, Renee Solis ("Plaintiff") has filed an

*Opposition*[2] to this motion, to which St. Elizabeth's filed a *Reply*.[3]  Because Plaintiff's

claims are prescribed as a matter of law, St. Elizabeth's motion shall be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a deaf individual that communicates primarily in American Sign

Language ("ASL"), who does not read English well and does not understand complex

vocabulary in English.[4]  On March 8, 2016, Plaintiff claims that she went to the emergency

room at St. Elizabeth's due to pain in her left shoulder following a shot previously

administered in that shoulder by her physician.[5]

---

[1] Rec. Doc. No. 33.
[2] Rec. Doc. No. 34.
[3] Rec. Doc. No. 37.  Both Parties filed supplemental memoranda which the Court has considered.  Rec. Doc. Nos. 46, 47, & 48.
[4] Rec. Doc. No. 34-2, ¶¶ 3,5.
[5] Rec. Doc. No. 34-4, Solis Dep. 31:19-32:15; *see also* R. Doc. No. 1, ¶¶ 15-17.
60446

Upon her arrival at St. Elizabeth's, Plaintiff requested an interpreter by a written note.[6]  Plaintiff claims she continually requested an interpreter throughout this March 8 visit,[7] but she was instead forced to write notes back and forth with the treating physician and hospital staff regarding her care.[8]  Plaintiff also claims that, despite St. Elizabeth's staff bringing Video Remote Interpreting ("VRI") technology to her room,[9] the VRI was not used, and Plaintiff was forced to communicate via written notes and gestures.[10]  Due to this lack of communication, Plaintiff contends she was given codeine, a medicine to which she is allergic.[11]  After being given codeine, Plaintiff was discharged; however, because she subsequently became very ill, she returned to St. Elizabeth's emergency room later that same night.[12]  Plaintiff was admitted to St. Elizabeth's and was discharged two days later.[13]

Plaintiff filed this lawsuit on January 24, 2018, alleging that St. Elizabeth's failed to accommodate her disability which resulted in her experiencing "anxiety, indignity, emotional distress, segregation, invasion of her civil rights, denial of self-determination, embarrassment, and inconvenience."[14]  Plaintiff filed suit alleging disability discrimination under Section 1557 of the Patient Protection and Affordable Care Act ("ACA").[15]

St. Elizabeth's has moved for summary judgment on several grounds, primarily arguing that Plaintiff's claims are prescribed as a matter of law.  Because the Court finds

---

[6] *Id.* at 36:17-37:3.
[7] *Id.* at 44:4-7.
[8] *Id.* at 37-40.
[9] Rec. Doc. No. 34-5, Charlton dep. 43:6-19.
[10] *Id.* at 45:4-14; 61: 20-24.
[11] Rec. Doc. No. 34-4, Solis dep. 51:19-21.
[12] *Id.* at 34-35.
[13] *Id.* at 34:20-35:4.
[14] Rec. Doc. No. 34, p. 4 (citing Rec. Doc. No. 1, ¶ 37).
[15] 42 USC § 18116.
60446

that Plaintiff's claims are prescribed, the Court need not consider the alternative grounds argued by St. Elizabeth's.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact.[17]  A court must deny the motion for summary judgment if the movant fails to meet this burden.[18]

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."[19] This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim.[20] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[21]

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment.[22] The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that

---

[16] Fed. R. Civ. P. 56.
[17] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).
[18] *Id.*
[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted).
[20] *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).
[21] *Anderson*, 477 U.S. at 249 (citations omitted).
[22] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).
60446

party's favor.[23]  Under this standard, a genuine issue of material fact exists if a reasonable

trier of fact could render a verdict for the nonmoving party.[24]

### B.    Statute of Limitations Applicable to the ACA

St. Elizabeth's contends Plaintiff's claims are untimely because her lawsuit was

filed more than one year beyond the date of her alleged injuries.  Plaintiff does not dispute

this fact, but she contends that the applicable statute of limitations is four years, not one

year, as St. Elizabeth's maintains.

Notably, Section 1557 of the ACA does not provide an independent enforcement

mechanism, but it explicitly states that "[t]he enforcement mechanisms provided for and

available under such title VI, title IX, section 504, or such Age Discrimination Act shall

apply for purposes of violations" of section 1557.[25]  While the ACA lacks a specific statute

of limitations, St. Elizabeth's contends that, because the ACA explicitly adopts the

enforcement mechanisms of the Rehabilitation Act ("RA") for disability discrimination, it

naturally follows that the same statute of limitations should apply to enforcement claims

under the ACA.  Claims under the RA are subject to the particular state's limitations period

for person injury actions[26] which, in Louisiana, is one year.[27]  St. Elizabeth's argues that

any other conclusion would be "illogical;"[28] thus, because Plaintiff filed this lawsuit on

January 24, 2018 for an incident that occurred on March 8, 2016, her claims are untimely

---

[23] *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

[24] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[25] 42 U.S.C. § 18116(a).   The ACA borrows the enforcement mechanisms from the following anti-discrimination statutes:  Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Age Discrimination Act, 42 U.S.C. § 6101 *et seq.*; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

[26] *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir.2011).

[27] La. Civ.Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year.").

[28] Rec. Doc. No. 33-1, p. 6.

60446

and should be dismissed.

Plaintiff acknowledges that the ACA borrows from the cited anti-discrimination statutes and mandates application of their enforcement mechanisms.[29]    Plaintiff nevertheless contends that, because the ACA fails to provide a specific statute of limitations, the four-year catchall statute of limitations set forth in 28 U.S.C. § 1658(a) applies.  28 U.S.C. § 1658(a) provides that, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1990] may not be commenced later than 4 years after the cause of action accrues."  Plaintiff contends that, "Section 1658(a) thus alleviates the host of problems caused by the absence of a statute of limitations in a federal law and the resulting need for a federal court to determine the most applicable state statute of limitations to borrow."[30]  Plaintiff relies on the decision by the district court for the District of Columbia in *Palacios v. Medstar Health, Inc.*, wherein the plaintiff brought discrimination claims under Section 1557 of the ACA, and the court applied the catchall statute of limitations set forth in 28 U.S.C. § 1658(a).[31]  Plaintiff also argued that St. Elizabeth's failed to direct the Court to any applicable jurisprudence to the contrary.

Since Plaintiff's filing, however, another section of this Court has squarely addressed this issue.  In *Ward v. Our Lady of the Lake Hospital, Inc.*,[32] nearly identical claims were brought under Section 1557 of the ACA.  The defendant moved for summary judgment on the basis of prescription, and the plaintiff argued, as does Plaintiff herein,

---

[29] Rec. Doc. No. 34, p. 5.
[30] *Id.*
[31] 298 F.Supp.3d 87 (D. D.C., 2018).
[32] 2020 WL 414457 (M.D. La. Jan. 24, 2020).
60446

that the four-year catchall statute of limitations in 28 U.S.C. § 1658(a) applied.  Judge

Brian Jackson rejected the plaintiff's argument, holding:

> For purposes of this case, the relevant anti-discrimination statute is Section
> 504 of the Rehabilitation Act. This is due to the fact that Plaintiff alleges
> discrimination on the basis of disability. (Doc. 1 at 2). The Fifth Circuit has
> held that claims under the Rehabilitation Act are subject to the relevant
> state's limitations period for personal injury actions. *Frame v. City of
> Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). In Louisiana, the applicable
> prescriptive period is one year. La. Civ. Code Ann. art. 3492. Plaintiff
> therefore had one year to bring her claim. Because she filed her complaint
> on April 11, 2018, more than two years after her June 16, 2015 emergency
> room visit, and more than a year after her May 14-15, 2016 emergency
> room visit, her claim is untimely. *See Vega-Ruiz*, 2020 WL 207949, at *4
> (applying the state statute of limitations to a Section 1557 claim). Thus,
> Defendant's motion for summary judgment must be granted.[33]

In *Ward*, Judge Jackson cited the decision by the Eastern District of New York in

*Vega-Ruiz v. Northwell Health*.[34]  In *Vega-Ruiz*, the court applied the state's statute of

limitations, finding that the plaintiff's ACA claim was, in effect, a RA claim.  The court

reasoned that, "[al]though the complaint formally alleges a violation of the ACA, Plaintiff's

claim is made possible by the Rehabilitation Act."[35]  Further, because the plaintiff's

"arguments regarding the sufficiency of her allegations recite the standard for stating a

Section 504 Rehabilitation Act claim[,]" her claim "could have been brought directly under

the Rehabilitation Act."[36]  The court also considered the fact that "other courts dealing

with discrimination claims under both the ACA and Rehabilitation Act have found it

unnecessary to analyze ACA claims where there is also an Rehabilitation Act claim

---

[33] *Id.* at *2.
[34] 2020 WL 207949 (E.D. N.Y. Jan. 14, 2020).
[35] *Id.* at *3 (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)).
[36] *Id.* (citing *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009) (Rehabilitation Act claim brought before enactment of the ACA by deaf wife of patient against hospital for, inter alia, failure to provide ASL translator)).

60446

'because Section 1557 [of the ACA] explicitly incorporates Section 504 of the Rehabilitation Act.'"[37]

This Court agrees with the reasoning and analysis of the *Vega-Ruiz* court and its application by Judge Jackson in *Ward.*  The Court finds that the one-year statute of limitations applies to Plaintiff's claims brought under the ACA; therefore, her claims are prescribed, and St. Elizabeth's is entitled to summary judgment.

## III.    CONCLUSION

For the reasons set forth above, St. Elizabeth's *Motion for Summary Judgment*[38] is GRANTED.   *Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 27th day of May, 2020.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] *Id.* (quoting *Vega-Ruiz v. Montefiore Med. Ctr.*, 2019 WL 3080906, at *3 n.3 (S.D.N.Y. July 15, 2019) (citing *Southeast Pennsylvania Transp. Auth. v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 698-99 (E.D. Pa. 2015); *Weinreb v. Xerox Business Services, LLC Health and Welfare Plan*, 323 F.Supp.3d 501, 520-21 (S.D.N.Y. 2018))).
[38] Rec. Doc. No. 33.
60446